UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER COLLINS,

    Plaintiff,

    v.

JASPER COUNTY, *et al.*,

    Defendants.

Case No. 2:25-CV-00395-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Claims Against County of Jasper and Jasper County Jail [DE 9], filed by County of Jasper and Jasper County Jail on September 19, 2025. Plaintiff, Christopher Collins, filed his response [DE 11] on September 30, 2025, and Defendants replied [DE 12] on October 7, 2025. A hearing was held on the Motion on November 18, 2025. [DE 16]. For reasons set forth below, the Motion is **GRANTED**.

### Background

*Factual History*

Plaintiff is an adult male who is, and was at all relevant times, being held at the Jasper County Jail. [DE 2, ¶1, 3]. Jasper County Jail contracted with Quality Correctional Care, a private medical provider, to provide medical services to its inmates. [*Id.* at ¶2(c)]. Nurse Missy Lockhard was employed by Quality Correctional Care to provide medical services to the inmates. [*Id.* at ¶ 2(d)].

On July 26, 2023, Plaintiff was brought to the Jail's nurse's office where Nurse Missy Lockhard was going to perform a routine blood draw. [DE 2 at ¶3]. After several failed attempts to locate a vein sufficient for the blood draw, Nurse Lockhard, allegedly, instructed Plaintiff to

take the needle and perform it himself. [*Id*. at ¶¶ 4-5]. Plaintiff, claiming he was under duress and in a situation that was highly triggering, complied with Nurse Lockhard's instruction and successfully located a vein allowing her to complete the blood draw. [*Id*. at 6]. However, immediately following the incident, Plaintiff became severely injured. [*Id*. at ¶ 8]. As a result, Plaintiff filed a medical grievance requesting medical treatment. [*Id*. at ¶9].

Plaintiff claims that he did not receive antibiotic treatment for the injury until the following day, July 27, 2023. [DE 2 at ¶9]. Despite the treatment, Plaintiff alleges that his condition worsened and he began experiencing increased pain, causing him to request immediate transport to the hospital. [*Id*. at ¶¶10-11]. His request was granted, and he was taken to the hospital the next day, July 28, 2023. [*Id*. at ¶ 11]. Plaintiff's Complaint indicates that only he, Nurse Lockhard, and Officer Arthur G. Conley were present during the event in question. [*Id*. at ¶¶ 3-7].

*Procedural History*

As a result of the above-described incident, Plaintiff filed this lawsuit on August 24, 2025 in Jasper Circuit Court against the County of Jasper ("Jasper County"), Jasper County Jail ("Jail"), Quality Correctional Care ("QCC"), Nurse Missy Lockhard, and unidentified medical and jail personnel – John/Jane Doe. [DE 2 at ¶ 2]. On August 27, 2025, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1446. [DE 1]. In his Complaint, Plaintiff alleges all Defendants violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs (Count I), and that all Defendants committed medical malpractice and medical negligence (Count II) under Indiana law. [*Id*. at ¶¶ 14-23].

As a preliminary note, during the November 18, 2025 motion hearing, Plaintiff withdrew his claims against the Jail and the John/Jane Doe jail personnel. He also withdrew the state law claim, Count II, entirely. Therefore, all that remains is the Eighth Amendment claim against Jasper

2

County, QCC, and Nurse Lockhard. Since QCC and Nurse Lockhard are not moving for dismissal at this time, the issue before the Court is whether Plaintiff has stated a valid claim for an Eighth Amendment violation against Jasper County.

### Legal Standard

A plaintiff survives a Rule 12(b)(6) motion to dismiss when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### Discussion

In his Complaint, Plaintiff alleges that Jasper County deprived him of adequate medical care, violating his Eighth Amendment rights. [DE 2 at ¶18(d)].

"Deliberate indifference to a prisoner's serious medical needs may constitute cruel and unusual punishment under the Eighth Amendment." *Hildreth v. Butler*, 960 F.3d 420, 425 (7th Cir. 2020). To succeed on an Eighth Amendment violation against a municipal entity, also known as a *Monell* claim, a plaintiff must prove that (1) he suffered a constitutional injury, and (2) that the city authorized or maintained a custom, policy, or practice of approving unconstitutional conduct.

*Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 690-692 (1978); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014).

Taking the later requirement first, Plaintiff "must point to either an express policy which caused the injury, [or] a widespread practice that is so well-settled as to amount to a policy …" *Abbott v. Village of Winthrop Harbor*, 205 F.3d 976 (7th Cir.2000). Plaintiff has not done so. Rather, he argues that Nurse Lockhead's conduct was so egregious that "this single incident of unconstitutional conduct is sufficient to impose municipal liability." [DE 11 at 3] (*citing City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

"While it is not impossible for a plaintiff to demonstrate a widespread practice or custom with evidence limited to personal experience, it is necessarily more difficult ... because what is needed is evidence that there is a true municipal policy at issue, not a random event." *Hildreth*, 960 F.3d at 426 (internal quotations omitted); *see also Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (explaining that four alleged incidents over nearly a year period, involving only the plaintiff did not demonstrate a widespread practice or policy necessary for imposing §1983 liability). Here, Plaintiff has alleged a single, "random event" – Nurse Lockhead instructing him, "an inmate with no medical training[,] to take a needle and 'attempt to hit his own vein.'" [DE 11 at 3]; *see also Hildreth*, 960 F.3d at 426 (holding that the plaintiff's *Monell* claim failed because "his allegations of delays are insufficiently widespread, as they only involve him; and [] the alleged delays are insufficiently numerous, as he has substantiated only three"). This is insufficient to state a *Monell* claim against Jasper County.

Plaintiff also suggests that his *Monell* claim survives because Officer Conley, a nonparty to this case, witnessed the blood draw and failed to intervene. [DE 11 at 3]. He goes on to say that "the fact that Officer Conley did not intervene[,] plausibly suggests a custom of indifference or a

4

profound failure in training for which [Jasper] County is ultimately responsible." [*Id*.]. However, Jasper County "cannot be held liable for the unconstitutional acts of their employees *unless* the acts were carried out pursuant to an official custom or policy." *Grieveson*, 538 F.3d at 771 (emphasis added). Since Plaintiff has not sufficiently pled the "official policy" requirement, by way of an explicit policy, practice, or custom, or through limited personal experience, Officer Conley's alleged acts or omissions cannot be attributed to Jasper County. Lastly, as Plaintiff has failed to alleged evidence sufficient to satisfy the second requirement of a *Monell* claim, the Court need not address the first.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants Motion to Dismiss [DE 9]. Accordingly, Defendants Jasper County, Jasper County Jail, and John/Jane Doe Jail Personnel are dismissed from this lawsuit. Count I remains pending against QCC and Nurse Lockhard.

SO ORDERED.

ENTERED: November 25, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court